UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SARA CHAFFEE,

         Appellant,

 -against-                1:10-cv-1136 (LEK/REL)

IRENE CHAFFEE,

         Appellee.

_____

**DECISION and ORDER**

**I. INTRODUCTION**

On September 21, 2010, Appellant Sara Chaffee ("Appellant") filed with the Court an appeal from an Order issued by the United States Bankruptcy Court for the Northern District of New York ("the Bankruptcy Court") dismissing her adversary proceeding against Appellee Irene Chaffee ("Appellee").  Dkt. No. 1, Ex. 1 ("Bankruptcy Court Order")[1].  For the following reasons, the Court grants the Appeal and reverses the findings of the Bankruptcy Court.

**II. BACKGROUND**

Appellant successfully brought suit against Appellee in the State of New York Supreme Court, Albany County, which included, *inter alia*, a claim against Appellee for negligent infliction of emotional distress.[2]  Appellee neither answered nor appeared in response to Appellant's

---

[1] The Bankruptcy Court Order may also be found at Chaffee v. Chaffee (In re Chaffee), Chapter 7, Case No. 07-11636, Adv. Pro. No. 07-90171 2010 Bankr. LEXIS 2727 (Bankr. N.D.N.Y. Aug. 10, 2010).

[2] The court assumes the parties are familiar with the facts of this particular matter. For a more complete recitation, see Chaffee v. Chaffee (In re Chaffee), Chapter 7, Case No. 07-11636, Adv. Pro. No. 07-90171, 2009 Bankr. LEXIS 2644 (Bankr. N.D.N.Y. Jan. 12, 2009), aff'd.2009

-1-

complaint, leading the state court to enter a default judgment against Appellee on February 28, 2006.  Dkt. No. 3-1.  After an inquest on the issue of damages, at which Appellee was present, the state court awarded Appellant over $3.75 million in damages.  Bankruptcy Court Order at 3.

On June 6, 2007, Appellee filed for relief in the Bankruptcy Court under Chapter 7 of the Bankruptcy Code, seeking in part for the state court judgment to be discharged.  Chaffee, 2009 Bankr. LEXIS at *5.  Appellant commenced this adversary proceeding in the Bankruptcy Court on September 13, 2007, in order to prevent the state court judgment from being discharged.  Id. at *6.  The Bankruptcy Court denied Appellant's motion for summary judgment, and Appellant appealed.  Id. at *1.  The Court affirmed the denial of summary judgment, and remanded the matter to the bankruptcy court for trial.  Id. at *9.  At the close of the trial, Appellee moved to dismiss the adversary proceeding, and the bankruptcy court granted Appellee's motion.  Bankruptcy Court Order.  Appellant now appeals the decision of the Bankruptcy Court.

**III. DISCUSSION**

    **A. Standard of Review**

The Court has jurisdiction to hear both final and interlocutory appeals from orders issued by a bankruptcy court.  28 U.S.C. § 158(a); In re Commodore Int'l Ltd., 253 B.R. 336, 338 (S.D.N.Y. 2000).  After reviewing the findings of law and fact below, the Court may "affirm, modify or reverse" the findings of the bankruptcy court.  FED. R. BANKR. P. 8013; In re Adelphia Comm. Corp., 342 B.R. 122, 126 (S.D.N.Y. 2006).  Any findings of fact are reviewed under the "clearly erroneous" standard, while conclusions of law are reviewed *de novo* .  See, e.g., In re Enron, 419 F.3d 115, 124 (2d Cir. 2005).  The bankruptcy court's factual findings are reversed for clear error

---

U.S. Dist. LEXIS 45344 (N.D.N.Y. May 29, 2009) (Kahn, J.).

only where the district court is "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). If there is a mixed finding of law and fact, the *de novo* standard applies. Travellers Int'l A.G. v. Trans World Airlines, 41 F.3d 1570, 1575 (2d Cir. 1994).

The Bankruptcy Court granted Appellee's motion to dismiss when, in the course of its own research, it discovered that the underlying judgment was for negligent infliction of emotional distress. In re Chafee, 2010 Bankr. LEXIS 2727 at *4 n.1. The Bankruptcy Court held that it was bound by the preclusive effect of this state court default judgment. Id. at *5. As this finding was based in law, the Court reviews it *de novo*.

**B. Preclusive Effect of State Court Judgment**

It is settled law that federal courts are to give preclusive effect to state court judgments whenever the courts from that state would do so. Allen v McCurry, 449 U.S. 90, 96 (1980); see also 28 U.S.C. § 1738. Under New York law, the doctrine of *res judicata* bars both claims that were litigated previously, and claims that might have been raised in the previous action. Lake George Park Com'n v. Salvador, 644 N.Y.S.2d 874, 850 (N.Y. App. Div. 1997) (citing Moss v. Medical Liab. Mut. Ins. Co., 636 N.Y.S.2d 948 (N.Y. App. Div. 1996)). However, Appellant does not seek to undermine the state court judgment or reargue liability in this matter; "[r]ather, what [she] is attempting to meet here is the new defense of bankruptcy which [appellee] has interposed between [appellant] and the sum determined to be due [her]." Brown v. Felsen, 442 U.S. 127, 133 (1979). *Res judicata* therefore does not apply to the matter at hand.

Collateral estoppel, however, precludes relitigation of an issue of fact or law once a court has rendered its judgment on that issue. Allen, 449 U.S. at 95 (1980) (citing Montana v. U.S., 440

U.S. 147, 153 (1979)); see also Grogan v Garner, 498 U.S. 279, 284 n.11 (1991) (noting that collateral estoppel applies to discharge proceedings). Under New York law, a party seeking to invoke collateral estoppel must demonstrate that: (1) the issue was decided in the previous action, and (2) there was a full and fair opportunity to litigate the issue sought to be precluded. Evans v. Ottimo, 469 F.3d 278, 281 (2d. Cir. 2006); D'Arata v. N.Y. Cent. Mut. Fire Ins. Co., 564 N.E.2d 634, 637 (N.Y. 1990). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues . . . whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue." Evans, 469 F.3d at 281–282 (quoting Kaufman v. Eli Lilly & Co., 482 N.E.2d 63, 67 (N.Y. 1985)).

Under the Bankruptcy Code, any debt that arises from a "willful and malicious injury by the debtor to another" is not dischargeable. 11 U.S.C. § 523(a)(6). The Supreme Court has defined a "willful" injury as "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury"; negligent or reckless conduct is not enough. Kawauhauu v. Geiger, 523 U.S. 57, 61, 64 (1998). "Malicious" injuries, by contrast, may arise through actual or constructive malice, and are "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." Navistar Fin. Corp v. Stelluti (In re Stelluti), 94 F.3d 84, 87-88 (2d Cir 1996). The party seeking to exempt a debt from discharge must show, by a preponderance of the evidence, that the debt arose from injuries that were willful and malicious. Grogan, 498 U.S. at 291.

Under New York law, negligent infliction of emotional distress requires a showing of conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety. Andrewski v. Devine, 720 N.Y.S.2d 423, 424 (N.Y. App. Div. 2001). The plaintiff is not required to show, nor is the court required to determine, whether the injuries

were "willful" or "malicious" in order for the defendant to be found liable.  Thus, when the state court entered its default judgment, no findings on the nature of Appellant's injuries were made and the issue has yet to be adjudicated.  See Neshewat v. Salem (In re Salem), 94 Fed. Appx. 24, 24–25 (2d. Cir. 2004) (holding that because "none of the prior rulings relied upon ... drew any conclusion about [the party's] intent to injure," the issue of willful and malicious intent had not been decided).  As the issues in the state court proceeding and the bankruptcy court proceeding are not identical, collateral estoppel may not be invoked in this matter.

On remand, Plaintiff must demonstrate by a preponderance of the evidence that the injuries giving rise to the debt were willful and malicious.  The state court's default judgment alone is insufficient to satisfy this standard.  See In re Bressler, 387 B.R. at 457 (holding that a default judgment, without more relevant evidence, was not sufficient to demonstrate willful and malicious injuries).

**IV.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Plaintiff's Appeal (Dkt. No. 1) is **GRANTED**; and it is further

**ORDERED**, that the action is remanded to the Bankruptcy Court for findings consistent with this Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      September 30, 2011
            Albany, New York

Lawrence E. Kahn
U.S. District Judge